IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEKSANDR A. VOLKOV,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, ET AL.,

    Defendants.

No. C 09-03915 JSW

**NOTICE OF QUESTIONS REGARDING MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 18, 2009 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 15 minutes to address the following questions:

1. In this jurisdiction, any action for civil remedy under the Truth in Lending Act ("TILA") must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has determined that this limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TiLA [sic] violation ... ." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). In his Complaint, Plaintiff alleges that his attorney in fact signed the loan papers on September 22, 2006. The complaint in this matter was filed on August 25, 2009.

    a. On what basis does Plaintiff contend that his federal claim under TILA is timely?
    b. Are there any facts that could be pled to support a claim for equitable tolling?

2. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: December 15, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEKSANDR A. VOLKOV,

    Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY et al,

    Defendant.

Case Number: CV09-03915 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 15, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Aleksandr Volkov
547 43rd Avenue
San Francisco, CA 94121

Dated: December 15, 2009

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk